QUESTIONS:
1. When a bondsman writes a bond for one company and the bond is estreated, and after the estreature the surety company for whom the bondsman wrote the bond cancels the bonsman's license with that company, may the bondsman still legally arrest the principal pursuant to s. 903.29, F. S., if the bondsman had an indemnity agreement with the surety company, at the time of the streature, to save it harmless from the estreature?
2. If the answer to question 1 is `no,' would it make any difference if, at the time of the arrest of the principal, the bondsman was licensed by another company?
SUMMARY:
Section 903.29, F. S., authorizes a surety to arrest the principal on a forfeited bond. If the license and power of attorney by which a bondsman acts as limited surety agent for a surety company are revoked, the bondsman cease to have any authority under s. 903.29
to arrest the principal of a bond given by the surety company by whom the bondsman was formerly licensed. This conclusion would not be affected by an indemnity agreement between the bondsman and the surety company, or by the fact that the bondsman, after such revocation by the surety company in question, might still be licensed by some other surety company.
Section 903.29, F. S., grants the following arrest authority to sureties:
 Within 1 year from the date of forfeiture of a bond that has been paid, the surety may arrest the principal for the purpose of surrendering him to the official in whose custody he was at the time bail was taken or in whose custody he would have been placed had he been committed.
It should be carefully noted that s. 903.29, F. S., is directed to the surety, rather than the bondsman. Under certain circumstances, a bondsman may also be a surety. However, this opinion is based on the facts you have presented, under which facts it appears that the type of bondsman contemplated is one who acts as a `limited surety agent' (as defined in s. 648.25(4), F. S.) of a surety company. Under these circumstances, the surety company is the actual `surety' for purposes of the arrest power of s. 903.29. Thus, if the bondsman establishes suretyship (pursuant to s.903.29[2]) by attaching to the bond a power of attorney to act for and as the agent of a surety company by which he is licensed, then that bondsman, as agent for the surety, would have only those powers granted to the surety by s. 903.29 in regard to arrest of the principal. If the bondsman's license and power of attorney to act as agent of the surety are revoked, then the bondsman, upon such revocation, would cease to have any arrest authority under s.903.29 (which speaks only to the surety). Any other contractual agreement between the surety company and the bondsman (such as the indemnity agreement to which you referred) would not of itself provided sufficient authority for the power to arrest and could not be substituted for the statutory arrest authority granted to the surety by s. 903.29.
The fact that the bondsman in question, after revocation, might still be licensed by another surety company (other than the surety company which has given the bond in question) would be of no effect as to the surety's statutory authority under s. 903.29 to arrest the principal. There is no statutory authority of which I am aware which would allow one surety to arrest the principal of a bond given by another surety.
Prepared by: Jerald S. Price Assistant Attorney General